SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVANTE A. CROWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>HUNTER WARFIELD, INC.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### **COMPLAINT**

NOW comes DEVANTE A. CROWELL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

### PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Sacramento, California, which is located within the Eastern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a debt collector claiming to perform "efficient and effective third-party collections" and offer "award-winning service" to clients.[1] Defendant is incorporated in the State of Florida with its principal place of business located at 4620 Woodland Corporate Blvd., Tampa, FL 33614. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://www.residentinterface.com/hunter-warfield

2

9. The instant action stems from Defendant's attempts to collect upon a consumer obligation ("subject debt") Plaintiff and his girlfriend allegedly owed.

10. Upon information and belief, the subject debt stems from back rent in an approximate amount of $4,000 Plaintiff and his girlfriend owed to Riverview Apartments in connection with a residential lease.

11. Around May 2021, Defendant began placing collection calls to Plaintiff at his cellular phone (916) XXX-0559 in an attempt to collect upon the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0559.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has a variety of numbers including but not limited to (833) 669-0172 and (813) 283-4549 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, Defendant regularly uses the above referenced phone numbers in connection with its debt collection activities.

15. Upon answering calls from Defendant, Plaintiff would frequently experience a prerecorded message directing Plaintiff to hold for a representative, or otherwise experience silence and dead air with no individual coming on the line.

16. Upon speaking with Defendant, Plaintiff was informed that it was calling to collect upon the subject debt.

17. Plaintiff informed Defendant that, due to the nature of their finances, he and his girlfriend could not pay back the subject debt at that time but would attempt to do so when financially able.

18. Plaintiff also requested that Defendant cease calling given the voluminous and frequent nature of Respondent's phone calls.

19. Rather than complying, Defendant simply continued the calls from different numbers.

20. Plaintiff was forced to once again demand that Defendant's phone calls cease.

21. Defendant's calls nonetheless kept coming.

22. Plaintiff has received dozens of calls from Defendant since demanding that Defendant cease its harassing collection campaign.

23. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, diminished usability of his personal cellular phone, aggravation that accompanies collection telephone calls, emotional distress, and numerous violations of his state and federally protected interests to be free from harassing and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and engages in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692c(a)(1) and § 1692d

31. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692c(a)(1), d, and d(5) when it kept calling Plaintiff while knowing that Plaintiff did not wish to be contacted and that Plaintiff made clear he and his girlfriend could not pay the debt at this time. This repeated behavior of systematically calling Plaintiff despite his demand to stop carries with it the natural consequence of harassing and abusing Plaintiff. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the objective of annoying and harassing him.

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

35. Defendant violated §§ 1692e and e(10) when it used deceptive and misleading means to collect and/or attempt to collect the subject debt. In spite of Plaintiff's explicit demand, Defendant

5

continued to contact Plaintiff. Through its endless calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact him upon his non-consent when it did not.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after Plaintiff expressly revoked consent to be called.

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff DEVANTE A. CROWELL respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using artificial or prerecorded messages without their consent.

41. Defendant violated the TCPA through its placement of dozens of phone calls to Plaintiff's cellular phone using artificial or prerecorded voice messages absent Plaintiff's consent. At no point did Plaintiff provide prior express consent to be contacted by Defendant via artificial or prerecorded voice messages. Any consent for such calls Plaintiff may have given to the original creditor of the subject debt, which Defendant will likely assert transferred down, was explicitly revoked by Plaintiff's repeated demands that Defendant's phone calls cease.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff DEVANTE A. CROWELL respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

46. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

47. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA §§ 1788.10–1788.17

48. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

49. As outlined above, through its continuous attempts to collect the subject debt from Plaintiff, Defendant violated § 1788.17; and §§ 1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff.

50. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff DEVANTE A. CROWELL respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Award any other relief as the Honorable Court deems just and proper.

Dated: July 30, 2021                Respectfully submitted,

                                          By: /s/ Alejandro E. Figueroa
                                          SULAIMAN LAW GROUP, LTD.

Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*